# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17-CV-00034-JHM**

**C.R.L., a minor child,**  **PLAINTIFF**
**by his Guardian, Steven Luttrell**

**v.**

**UNITED PARCEL SERVICE, INC.**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss under the doctrine of abstention. (DN 13.) Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

This case arises from an automobile accident in Daviess County, Kentucky. On January 20, 2016, two vehicles collided near Philpot, Kentucky. One was a UPS package car operated by Miles Glin, while the other was operated by Edward Davis. Davis and his passenger, Sarah Fitzgerald, were killed in the collision. As a result of this accident, at least four different lawsuits have been filed. First, on December 27, 2016, Christine and Raymond Fitzgerald, as co-administrators of the estate of Sarah Fitzgerald, and Tyler Young, on behalf of J.Y. (the minor son of Young and Sarah Fitzgerald), filed a complaint against Glin and UPS in Daviess Circuit Court, asserting a wrongful death claim and seeking loss of parental consortium for J.Y. (DN 13-1.) Next, on January 20, 2017, Tara Druen, on behalf of A.D. (the minor daughter of Druen and Davis), and Heather Neal, on behalf of B.N. (the minor son of Neal and Davis), filed a complaint against Glin and UPS in Daviess Circuit Court, seeking loss of parental consortium for A.D. and B.N. (DN 13-2.) Additionally, on January 26, 2017, Timothy Davis, as the

administrator the of estate of Edward Davis, and on behalf of R.M.D. (the minor daughter of Edward Davis and Sarah Fitzgerald), filed a complaint against Glin and UPS in Daviess Circuit Court, asserting wrongful death and survival claims in addition to seeking loss of parental consortium for R.M.D. (DN 13-3.) Finally, on March 14, 2017, Steven Luttrell, on behalf of C.R.L. (the minor daughter of Sarah Fitzgerald and Luttrell), filed the present action against UPS in United States District Court for the Western District of Kentucky, seeking loss of parental consortium for C.R.L. (DN 1.) UPS has now moved to dismiss the present action under the doctrine of abstention, as articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (DN 13.)

## II. DISCUSSION

UPS's present motion seeks dismissal so that all of the cases arising from the January 20 collision may be litigated simultaneously in state court. Under the *Colorado River* abstention doctrine, federal courts have a "narrow exception" to their "virtually unflagging obligation . . . to exercise the jurisdiction given them" where there is (1) "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. *Id.* at 817–818; *Bates v. Van Buren Tp.*, 122 F. App'x 803, 806 (6th Cir. 2004); *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998). UPS has argued, and C.R.L. has conceded, that the present action and the state court cases are parallel. (*See* Def.'s Mot. to Dismiss [DN 13] at 6–7; Pl.'s Resp. [DN 18] at 4.) The Court agrees that the cases are parallel, as "[t]he causes of action alleged in this case are also alleged in" the state cases, "[t]he theories of recovery are identical," "[t]he Defendants, for the most part, are the same in both cases," and "[t]he same relief is sought in both cases." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339–40

(6th Cir. 1998) (citations omitted). Thus, the only issue in dispute is whether litigating the present case in federal court would be duplicative or unwise.

The Supreme Court has articulated eight factors the Court must consider and balance when determining if abstention is appropriate, including

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002) (citations omitted). Many of these factors warrant only brief discussion. The state court has not assumed jurisdiction over any res or property, and the federal forum is no less convenient that the state court since both courts are physically located within blocks of each other. These factors weigh against abstention. Conversely, many factors weigh in favor of abstention, or are at the very least neutral on the issue. First, the state court assumed jurisdiction before the present action was filed in federal court. Additionally, Kentucky state law will govern the case, and the state court will adequately protect the federal plaintiff's rights. The state court cases have been pending for at least five months, and written discovery has begun, indicating that those cases are at least at a more advanced stage than the present federal case. Finally, this Court has jurisdiction only by diversity of citizenship, and the state court has concurrent jurisdiction over the claims.

However, the Court must consider the third factor, avoiding piecemeal litigation, more closely. This consideration, according to the Supreme Court, is "paramount" to determining whether abstention is appropriate. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). "Piecemeal litigation occurs when different courts adjudicate the

identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. In the present action, C.R.L. has a brought a claim for loss of parental consortium due to the death of Fitzgerald, his mother. Kentucky courts permit a minor child to recover under a theory of loss of parental consortium. *Giuliani v. Guiler*, 951 S.W.2d 318, 322 (Ky. 1997). However, C.R.L.'s ability to recover from UPS will depend upon a finding that UPS was somehow liable for those damages. The analysis for this claim will overlap with that of the state court claims for loss of parental consortium that have been brought by other children of Davis and Fitzgerald. The claims in all four cases will depend on the resolution of two questions: was Glin negligent in causing the accident that led to the death of Davis and Fitzgerald? And if so, is UPS liable for any resulting damages? Those damages may include the loss of parental consortium, but for all five children that have brought claims for such damages, the analysis will be identical.

Based upon the identical analysis that would be required in all four cases, it would be duplicative to adjudicate only one case in federal court. C.R.L. argues that the parties have agreed to avoid unnecessary duplicative discovery in this case, as the discovery as to liability in the state court cases will be sufficient for this case as well.[1] But redundant discovery is not the Court's only concern, as "the very definition of creating piecemeal litigation [is] where different courts adjudicate the identical issue, thereby duplicating judicial effort and *potentially rendering conflicting results*." *Preferred Care of Del. v. VanArsdale*, --- F. App'x ---, 2017 WL 129036, at *6 (6th Cir. Jan. 13, 2017) (quotations omitted) (emphasis added). Having two courts adjudicate the issue of UPS's liability at the same time creates the potential for conflicting outcomes.

---

[1] The Plaintiff has filed a motion to file a surreply to point out that the state court cases have not yet been consolidated for trial purposes. The Defendant has not had a chance to respond to the motion, however, the Court will deny the filing of a surreply since the Court's decision to abstain in this case is not based on whether the state cases had been consolidated for trial purposes.

Based upon the balance of all the considerations under *Colorado River* and its progeny, the Court determines that abstention is appropriate. The general course of action upon such a determination is to stay the proceeding pending the conclusion of the state action. *Healy v. Fifth Third Mortg. Co.*, 2011 WL 577385, at *5 (E.D. Ky. Feb 9, 2011). Therefore, instead of dismissing this action as urged by Defendant, the Court will abstain from exercising jurisdiction, and the action will be **STAYED** pending the resolution of the state court actions.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 16, 2017

cc: counsel of record